## HORLICK'S MALTED MILK CORPORATION v. HORLUCK'S, INC.

### No. 657.

District Court, W. D. Washington, N. D.
June 27, 1930.

768

For these reasons the trade-mark statutes, federal and state, are not applicable to the present case and it will be considered as one for alleged unfair competition.

The evidence and defendant's admissions establish the truth of plaintiff's allegation that the word "Horlick's" in connection with malted milk, has long been understood to mean a malted milk manufactured by plaintiff. This malted milk is a dry powder.

The evidence shows that the surname of the organizers and majority stockholders of the defendant company is "Horluck" and that it has opened shops in Seattle and elsewhere advertised as:

"Horluck's Malted Milk,"

"Horluck's Specialty Malted Milk Shop," and

"Horluck's Malted Milk Shops."

The evidence further shows that at these shops defendant sells beverages in which malted milk other than that manufactured by plaintiff is and has been used as an ingredient. It is also shown that plaintiff has refused to sell its malted milk to the defendant. Defendant says that therefore the complaints made come with poor grace from plaintiff.

The question of whether or not, because of this action on its part, plaintiff is in any way estopped, or because of any other equitable principle to be denied consideration of its complaint, has not been argued and will not therefore be considered.

It is shown that in a few instances customers' of defendant have come to its shops in the belief that they were connected with or conducted by the plaintiff.

Edward S. Rogers, Allen M. Reed, and William T. Woodson, all of Chicago, Ill., and Palmer, Askren & Brethorst, of Seattle, Wash., for plaintiff.

C. A. Reynolds, Harry Ballinger, Charles T. Hutson, and George N. Boldt, all of Seattle, Wash., for defendant.

CUSHMAN, District Judge (after stating the facts as above).

There is no evidence that the defendant has been or is engaged or threatens to engage in interstate commerce.

There is no provision in the state law for the registration of the name of an individual as a trade-mark as there is under certain circumstances in the third and sixth provisos of the Federal Trade-Mark Act (15 USCA § 85).

Defendant's case, in its own words, is stated as follows:

"We now reiterate the statement, and give it such emphasis as we may, that in the absence of direct competition, and in the absence of any circumstances of fraud, the use by a man of his own name, either individually or in corporate form, for the conduct of a lawful business will neither be enjoined nor will any relief be granted against him. If he be guilty of fraud, or by means other than the similarity of names collocated with the name of his business, endeavors to confuse his goods with those of the first user, still his use of his name will never be enjoined, but the unfair practices only will be restrained." Pages 83, 84, Defendant's Brief.

It will be noted that defendant's first contention is that before plaintiff is entitled to

relief, "direct" competition between plaintiff and defendant must be shown to exist.

Defendant's main reliance upon this point is Borden Ice Cream Co. v. Borden's Condensed Milk Co. (C. C. A.) 201 F. 510. Of this case it has been said:

"The defendant seeks a narrower interpretation of the law, and cites Borden Ice Cream Co. v. Borden's Condensed Milk Company, 201 F. 510, 121 C. C. A. 200, where the Circuit Court of Appeals for the Seventh Circuit, in an 'unfair competition' case, held that in the absence of direct competition the doctrine cannot be invoked.

"We think the case at bar must be put upon a broader ground. We think the test should be whether the public is likely to be deceived. Both the plaintiff and the defendant are seeking to induce people to use a whole wheat flour in bread; the representations of the defendant clearly tend to induce the user of flour to believe that he is getting the plaintiff's flour in his bread, when, in fact, he is getting the defendant's flour. We cannot sustain this defense." * * * Ward Baking Co. v. Potter-Wrightington (C. C. A.) 298 F. 398 at page 403.

The later case appears to announce the sounder rule. It will be noted that in Borden Ice Cream Co. v. Borden's Condensed Milk Co., supra, the ruling was made on an application for a preliminary injunction. It has, without contradiction, been stated by counsel in the present suit that upon the final hearing in the Borden Ice Cream Company Case, supra, a perpetual injunction was decreed enjoining the defendant from the use of the name "Borden" in connection with ice cream.

The defendant has a right to use the name of "Horluck" in its business and to advertise in conjunction its name and its business, and if confusion on the part of a portion of the buying public results because of the similarity in the names "Horlick" and "Horluck" after all has been done that reason and equity require to avoid confusion, even though the unavoidable confusion works to defendant's advantage and plaintiff's loss, plaintiff has no remedy because of it. It is not necessary that plaintiff prove defendant's actual intent to mislead buyers to defendant's profit and plaintiff's loss. Men are presumed to intend the natural consequences of their voluntary acts.

The admitted fact that before defendant's acts complained of the words "Horlick's Malted Milk" had come to mean and be understood as descriptive of plaintiff's product and no other, coupled with the similarity of the names "Horlick" and "Horluck," makes it reasonably certain that advertising by the defendant, such as above set out, with the word "Horluck's" prominently and closely associated with the words "Malted Milk," would mislead a part of the buying public. Therefore, if no more were shown, it is to be presumed that defendant intended to so mislead.

Defendant seeks to overcome this presumption, putting its case in this particular thus:

"How has the defendant met these requirements, competition being assumed? It has commenced, long prior to the institution of this suit, a widespread advertising campaign in the communities where it does business, in which the local character of the defendant is frequently referred to. It enlarged its capital structure and in January, 1929, prior to the commencement of this action, it caused a large display advertisement of its stock to be published in the principal newspapers of the City of Seattle, in which its organization, business and capital structure were shown.

"About the same time, and prior to the commencement of this suit, it caused its stock to be listed as a local stock on the Seattle Stock Exchange, where it has been dealt in extensively ever since. Its quotations are published daily in all of the daily newspapers in the City of Seattle.

"Defendant has placed on its counters for free distribution pamphlets and leaflets exploiting its business, in which many references are contained showing the local character of its organization and management. It has sought by these means to build up its own good will, and has done so to the extent that its local character is generally and commonly known in the communities in which it trades." Pages 92, 93, Defendant's Brief.

While the foregoing may show the taking of steps which would tend to minimize the misleading effect of using in advertising the correlated words "Horluck's Malted Milk," it is not all, under the circumstances, that reason and equity require of the defendant. These require that in such a case whenever it can reasonably be done that a warning be coupled with any close association in any form of advertising by defendant of the words "Horluck's Malted Milk," such warning to be affirmative and negative showing that the business is that of the defendant and that it is not that of or connected with plaintiff, and such warning should be of sufficient

prominence as to be not inconspicuous in its relation to that of the words "Horluck's Malted Milk."

Substantially all of the cases cited, where there was a situation similar to that present in this case, with the exception of Borden Ice Cream Co. v. Borden's Condensed Milk Co. supra, support the conclusion reached, and citation of particular authority is not necessary.

Plaintiff's prayer that defendant be enjoined from using in connection with its advertising for sale malted milk or any merchandise of substantially the same descriptive properties the word "Horluck's," will be denied.

Plaintiff's prayer that defendant be enjoined from using, in connection with its retail establishments or otherwise, the words "Horluck's Malted Milk Shops," is granted, and defendant will be further enjoined as above indicated, the form of the decreetal order of injunction to be determined upon the settlement of the decree, which will be upon notice.

The decree will also provide for an accounting. The manner whereof will likewise be determined upon the settlement of the decree.

Plaintiff's prayer for a trebling of damages will be denied.